IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARCUS RUSSELL HOLLMAN                                          PLAINTIFF

v.                              Civil No. 08-5244

UNITED STATES ELECTORAL COLLEGE                                DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Marcus Russell Hollman filed this civil rights action.  He proceeds *pro se* and *in forma pauperis.*  The case is before me for a determination of whether service of process should issue.

### Background

Plaintiff wants the American people to be able to vote a split ticket in regard to the Office of President and the Office of Vice-President.  He also believes the American people should be able to vote separately by gender on the topic of abortion.

### Discussion

The United States Electoral College is a body made up of individual electors chosen by the each State and the District of Columbia.  U.S. Const., Art. II, § 1, cl. 2 ("Each State shall appoint . . . a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress"); U.S. Const. amend. XXIII (District of Columbia).  The electors are nominated and appointed in each state in the manner directed by the state legislature.  The electors then, with their voting procedures governed by the Twelfth Amendment of United States Constitution, vote for the President and Vice President.  The voting occurs in their home states, not in a common gathering. U.S. Const. art. II, § 1, cl. 5 (stating that

-1-

AO72A
(Rev. 8/82)

Congress specifies the day for the electors to vote); U.S. Const. amend. XII (stating that electors vote in their respective states).  The term "Electoral College" is not used in the United States Constitution.  U.S. Const. art. II, § 1, amend. XII (the constitutional provisions setting forth the electoral system for choosing the President).

The presidential electors are not officers or agents of the federal government.  *Burroughs v. United States*, 290 U.S. 534, 545, 54 S. Ct. 287, 78 L. Ed. 484 (1934)(*citing In re Green*, 134 U.S. 377, 379, 10 S. Ct. 586, 33 L. Ed. 951 1890)).  The Electoral College itself is not an agency or person subject to suit; instead each of its members must be subject to the jurisdiction of the court.  *Cf. Springer v. Balough*, 96 F. Supp. 2d 1250 (N.D. Okla. 2000)(federal district court did not have personal jurisdiction over officials in other states having responsibility for conducting electoral college vote for President of the United States)*.*   Furthermore, the sole duty of an elector is to vote by ballot for the President and Vice President.  U.S. Const. art. II, § 1.  Their powers and duties end after they cast their ballots and by virtue of their electoral status they have no authority over the preparation of the ballots.  U.S. Const. art II, § 1.

### Conclusion

For the reasons stated, I recommend that this case be dismissed prior to service of process because the claims asserted are frivolous and fail to state claims upon which relief can be granted.   *See* 28 U. S.C. § 1915(e)(2)(action may be dismissed on such grounds at any time).

**Hollman has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Hollman is**

reminded that objections must be both timely and specific to trigger de novo review by the

district court.

   DATED this 25th day of March 2009

         /s/ *J. Marschewski*
         HON. JAMES R. MARSCHEWSKI
         UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)